## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tony Hesiben,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

May 31, 2017

Court of Appeals Case No.
71A05-1609-CR-2223

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1508-F6-586

**Brown, Judge.**

[1] Tony Hesiben appeals his sentence for escape as a level 6 felony. Hesiben raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

*Facts and Procedural History*

[2] On December 22, 2014, Hesiben violated a home detention order by cutting off an electronic device on his ankle within a month of the court's order. On August 26, 2015, the State charged Hesiben with escape as a level 6 felony in cause number 71D08-1508-F6-586 ("Cause No. 586"). On August 26, 2015, the court entered an order waiving juvenile jurisdiction to the Superior Court of St. Joseph County.

[3] On July 19, 2016, the court held a guilty plea hearing at which Hesiben pled guilty without a plea agreement in Cause No. 586 as well as to robbery resulting in serious bodily injury as a level 2 felony under cause number 71D08-1511-F3-60 ("Cause No. 60") relating to an incident that occurred on May 8, 2015.

[4] On September 1, 2016, the court held a consolidated sentencing hearing in Cause No 60 and Cause No. 586. Beverly Dempsey, Hesiben's aunt, testified that he "is a good kid" and she thought that "he just got caught up with the wrong people." Sentencing Transcript at 2. She testified that Hesiben's father had a nervous breakdown and a stroke. Dianne Walker, Hesiben's mother, testified that she was a single mother and that Hesiben had emotional disability problems. Hesiben stated:

> I just wanted to apologize to the victim and I just want to say sorry for what happened and I wish I could take it back but, you know, I can't take it back so I just wanted to, you know what I'm saying, apologize one more time. And I just, you know what I'm saying, ask can you at least leave me a little bit of life left to live, you know with my family. And since I've been here, you know, I done changed a lot, you know, you know what I'm saying, since that happened. And I just want to apologize again.

*Id.* at 11. The probation officer that completed the presentence investigation report ("PSI") recommended a sentence of two years to be served consecutive to the sentence in cause number 71D02-1507-F3-36 ("Cause No. 36"), which involved robbery.

[5] The court recognized Hesiben's age and took that into consideration. It stated that Hesiben had made "consistently horrible decisions through much of your life, the young life that you've lived up 'til now." *Id.* at 12. The court observed that Hesiben had been given opportunities to rehabilitate in the juvenile system. Specifically, it stated:

> I mean from probation to placement at the JJC to home detention to boys school to I mean just every possible rehabilitative effort that could have been – that could have happened while you were in the juvenile system happened, and your decision was to cut your monitor off and to just walk away instead of availing yourself and taking advantage of the opportunities that were given to you while you were involved in that system.

*Id.* The court observed that Hesiben committed the crime of escape and then committed two separate armed robberies, one of which resulted in significant

injury to Mr. Streeter who was permanently disabled "because of what [Hesiben] did." *Id.* at 13. The court also noted Hesiben's criminal history and the "escalation of behavior that just keeps getting worse and worse and more violent and more dangerous." *Id.* It then stated that it found Hesiben's age and guilty plea as mitigating factors. The court found the following aggravators: the harm that resulted from the robbery was far greater than what would have been needed to prove if it had gone to trial; the fact that he was serving a placement sentence on home detention as an aggravating factor; and his juvenile history.

[6] The court sentenced Hesiben to one year suspended in Cause No. 586, seventeen and one-half years executed in Cause No. 60, and ordered that the sentences be served consecutive to the sentence in Cause No. 36 for which he had previously received a sentence of ten years with five years suspended and two years of probation.

## Discussion

[7] The issue is whether Hesiben's sentence is inappropriate in light of the nature of the offense and his character. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Hesiben argues that the trial court focused chiefly on discussing the facts and circumstances of other events to which he pled guilty. He asserts that it is significant that he apparently was receiving special education services due to a diagnosis of ADHD and emotional disability. He states that he last had contact with his father when he was eleven years old, his mother and maternal uncle have criminal records, he completed only the eleventh grade before he was expelled, he desires to obtain his high school diploma, and he used marijuana every day after first trying it at the age of fourteen and used it on the day of the offense. The State argues that the suspended advisory sentence is not inappropriate.

[9] Our review of the nature of the offense reveals that Hesiben violated a home detention order by cutting off the electronic device on his ankle within a month of the court's order.

[10] Our review of the character of the offender reveals that Hesiben was born on November 3, 1997. He pled guilty without a plea agreement. As a juvenile, he was charged with a curfew violation in 2011, two counts of leaving home without permission of a parent, guardian, or custodian in 2012, and battery as a class B misdemeanor if committed by an adult in 2012. In August 2012, he was placed on probation for disorderly conduct as a class B misdemeanor if committed by an adult. In October 2012, a verified petition for modification was filed due to his refusal to participate in counseling, continued insubordination, disruptive behavior, and refusal to visit the office for a drug screen. The court ordered that Hesiben remain in secure custody at the

Juvenile Justice Center, the petition for modification was dismissed, and Hesiben failed formal probation.

[11] In October 2012, Hesiben was charged with robbery resulting in bodily injury and burglary as class B felonies if committed by an adult. The PSI indicates that the court ordered Hesiben to be transported to the Indiana Boys School on the allegation of burglary as a class B felony, and the charge of robbery resulting in bodily injury was dismissed with prejudice. In June 2014, Hesiben was arrested for leaving home without permission of a parent, guardian, or custodian. In November 2014, he was placed on probation for resisting law enforcement as a class A misdemeanor if committed by an adult. In July 2015, he failed formal probation.

[12] After committing the present offense of escape in December 2014, the State charged him in July 2015 under Cause No. 36 with robbery as a level 3 felony related to an offense occurring in April 2015. Under Cause No. 60, the State charged Hesiben in November 2015 with robbery resulting in serious bodily injury related to an offense in May 2015, and Hesiben pled guilty.

[13] Hesiben reported that his father has been in a nursing home after having a stroke when Hesiben was eleven years old, and that he was suspended and expelled from school for arguing with teachers. He reported using four "blunts" of marijuana a day and that he was supposed to participate in treatment at the Juvenile Justice Center in the past but "didn't go." *Id.*

After due consideration, we conclude that Hesiben has not sustained his burden of establishing that his suspended sentence of one year is inappropriate in light of the nature of the offense and his character.

## *Conclusion*

For the foregoing reasons, we affirm Hesiben's sentence.

Affirmed.

May, J., and Pyle, J., concur.